IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 19-00014-KD-MU |
| ) | |
| JUDY RALEY TOWNLEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Judy Raley Townley's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(B)[1] and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516[2] and the United States' response (docs. 215, 220, 222). Upon consideration, and for the reasons set forth herein, the Motions are DENIED.

I.   Background

In January 2019, Townley and four co-defendants were charged in a twenty-one count indictment with drug trafficking and firearms offenses (doc. 1). Townley was charged with possession with intent to distribute heroin (Count 13), conspiracy to possess with intent to distribute methamphetamine (Count 16), possession with intent to distribute methamphetamine

---

[1] Townley also moves pursuant to 18 U.S.C. § 4205(g). However, § 4205(g) applies to inmates whose offenses occurred prior to November 1, 1987, the effective date of its repeal.

[2] Townley moves the Court for either compassionate release or home confinement (doc. 215, p. 3). She does not indicate whether she means home confinement as a condition of supervised release if her motion is granted or release to serve the remainder of her sentence on home confinement. The latter relief is available under the CARES Act. Therefore, the Court construes her motion as brought pursuant to 18 U.S.C. § 3582(c)(1)(A) and the CARES Act. United States v. Brown, 748 Fed. Appx. 286, 287 (11th Cir. 2019) ("Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'") (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

(Count 17), possession with intent to distribute Dilaudid (Count 18), possession of firearms by an unlawful user or addict of controlled substance (Count 20) and use and carry firearms during and in relation to a drug trafficking crime and possession of firearms in furtherance of a drug trafficking crime (Count 21).  Townley pled guilty to Counts 16 and 20 (docs. 114, 120).

Townley's total offense level was 31, and with a criminal history category of I, her sentencing guidelines range was 108 to 135 months as to each Count (doc. 153).  Townley received a downward variance to the statutory minimum for Count 16.  In January 2020, she was sentenced to 60 months as to each Count, to serve concurrently (doc. 205).

Townley is now 59 years old and has served approximately 1 year of her 60-month sentence.[3]  She is incarcerated at Federal Medical Center Carswell at Fort Worth, Texas. Her release date is January 29, 2024. At present, 35 inmates and 3 staff members have been diagnosed with Covid 19, 494 inmates and 1 staff member have recovered, and 6 inmates have died.  https://www.bop.gov/coronavirus/ (last reviewed January 4, 2020).

      III.      Motion for Reduction of Sentence and/or Compassionate Release

      A.      Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

---

[3] Townley was released on conditions.  However, a petition for revocation was filed. She was arrested November 1, 2019 (doc. 194).  At the bond hearing, the Magistrate Judge found that Townley violated her conditions by testing positive for amphetamines (doc. 196). She was remanded to the custody of the U.S. Marshal on November 5, 2019 (doc. 196).

term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Townley does not allege that either of the statutory prerequisites for consideration of her motion are met (doc. 215). However, the United States provides a copy of Townley's inmate request to staff dated June 18, 2020 and the Warden's denial, also dated June 18, 2020 (doc. 220-3). The United States does not dispute that Townley allowed 30 days to lapse after the Warden's receipt of her request before filing this motion (doc. 220, p. 14). Therefore, Townley's motion is properly before the Court.

    B.    <u>Analysis</u>

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010); <u>United States v. Shaw</u>, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). <u>See</u> <u>United States v. Pubien</u>, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)). Title 18 U.S.C. § 3582(c)(1)(A) provides for modification or reduction of a sentence <u>i.e</u>., compassionate release. Since Townley is 59 years old, only subparagraph (i) could apply.[4]

The compassionate release provision 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, <u>see supra</u>, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does

---

[4] Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

3

not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The applicable Policy Statement is found at U.S.S.G. § 1B1.13.

With respect to extraordinary and compelling reasons, Townley alleges that she contracted Covid 19 during transit to FMC Carswell and spent 60 days in isolation before testing negative and transferring to general population (doc. 215).  Townley also alleges that when she was first placed in isolation "they said [she] was not a diabetic" and was not given insulin during this 60-day period. (Id., p. 2).  Although asymptomatic, she alleges she has residual effects from the virus as well as the lack of insulin (Id., p. 2).  Townley also alleges that she has heart palpitations[5] and a central nervous system defect from the trauma but at the time of her motion, could not see an outside physician because of the lock-down due to Covid 19. (Id., p. 3).[6]

Townley alleges that in addition to diabetes and chronic obstructive pulmonary disease, she had breast cancer twice and uterine cancer once, and faced death at that time  However, with Covid 19, she faced death alone in isolation and had "time to think and talk to God" (doc. 215, p. 3). She states that she "lives in constant fear of becoming infected again" with Covid-19 (Id.).

---

[5]  Townley reported to her health care provider that the heart palpitations started after she had Covid 19 (doc. 222, p. 15).

[6] The United States provides a copy of Townley's medical records which contradict some of her allegations (doc. 222).  Specifically, Townley alleges she did not receive insulin for her diabetes while in isolation.  Her medical records show that she was treated with a Trulicity pen subcutaneous weekly and Metformin (Id., p. 36, 101). The records also indicate that Townley went to medical appointments outside of the prison for a mammogram and ultrasound and to a cardiologist where she was diagnosed with cardiac problems for which she now receives medication (doc. 222, p. 273, 279, 294).

Townley also states that she has learned her lesson and will not re-offend if granted compassionate release (Id.).

The United States concedes that based upon guidelines from the Centers for Disease Control and Prevention, "Type 2 Diabetes mellitus is a condition that presents 'a serious physical or medical condition . . . that substantially diminished' [Townley's] 'ability to provide self-care and from which she is not expected to recover.'" (doc. 220, p. 14) (citing Application Note 1(A)(ii)(I) of the Policy Statement [§1B1.13] and Centers for Disease Control, At Risk for severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-righer-risk.html (last revised Nov. 2, 2020)).  However, the United States argues that Townley's motion should be denied because of the seriousness of her offenses (doc. 220, p. 14-16).  The United States argues that consideration of the applicable factors in 18 U.S.C. § 3553(a) and Townley's admitted criminal conduct, shows that the factors weigh against a reduction in sentence (Id.).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A).  Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a

> term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Here, based upon CDC guidance regarding Type 2 Diabetes, the United States concedes that during the Covid 19 pandemic, Townley falls within the criteria of Application Note 1(A)(ii)(I), which provides that an extraordinary and compelling reason exists if the defendant is -

> (I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).[7]

Also, under Application Note 1(D), the district court may consider "Other Reasons" if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in

---

[7] Townley does not allege that she has a terminal illness, a serious functional or cognitive impairment, or that she is experiencing deteriorating physical or mental health because of the aging process, such that her ability to provide self-care in prison is substantially diminished. She does not allege that her family circumstances meet the criteria in Application Note 1(C), or that she meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II)&(III), (B) & (C).

subdivisions (A) through (C)." Id., cmt. n. (1)(D). Thus, in its present version, Application Note 1(D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019). Arguably, the presence of Covid 19 in the prison setting in combination with Townley's Type 2 Diabetes could be considered an extraordinary and compelling reason, but the Bureau of Prisons does not appear to have made such a determination. See Bureau of Prison Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g). [8]

But now that the First Step Act allows the inmate to move for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release. However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3.

---

[8] Additionally, "[m]ere speculation concerning the risk of reinfection with the virus does not constitute a compelling reason for a sentence reduction." United States v. Taffe, 2020 WL 6700445, *4. (S.D. Fla. Nov. 2020) (citation omitted). Also, the Policy Statement indicates that the "other reasons" should be consistent with reasons as determined by the Bureau of Prisons. See Bureau of Prison Program Statement 5050.50, Compassionate Release/Reduction in Sentence Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g). But PS 5050.50 does not indicate that fear of contracting Covid 19 is a reason for compassionate release. See Curry v. United States, No. CR 15-0137-WS, 2020 WL 5836551, at *2 (S.D. Ala. Sept. 30, 2020) ("Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on an inmate's generalized fear of contracting COVID-19 in prison. As such, Curry is effectively urging this Court to find that his circumstances constitute an ''extraordinary and compelling reason' for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement.") (underlining in original).

However, even if Townley met her burden to show extraordinary and compelling reasons which warrant a sentence reduction under either Application Note 1(A)(i) or 1(D), the Court must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . may reduce the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)."). In that regard, the Court has considered the absence of criminal history.[9] However, the Court has considered the nature and circumstances of Townley's offenses and finds that these factors do not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). Although not considered a leader or organizer of the drug-trafficking conspiracy, Townley was part of a family-based drug trafficking conspiracy, including her husband, daughter, and daughter's boyfriend (doc. 114, Factual Resume). The members trafficked primarily in heroin and methamphetamine and numerous controlled buys were made at Townley's house. She admitted ownership of three firearms which she kept on her side of the bed, away from her husband, a convicted felon. Townley also admitted that she sold her legitimately prescribed Dilaudid. Officers also found heroin, methamphetamine, methamphetamine ice, amphetamine, alprazolam, hydrocodone, and carisoprodol at the residence.

Therefore, in this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, Townley's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

---

[9] The United States points out that the Court considered Townley's lack of criminal history and her attempt to provide assistance when imposing a variance from the low-end of the guideline sentence of 108 months. The United States reports that the Court found that the 60-month

IV. <u>Motion pursuant to the CARES Act</u>

Townley also moves for release to serve the remainder of her sentence on home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. Previously, the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (as amended by the First Step Act of 2018, Pub. L. 115-391, Title I, § 102(b)(1), Title VI, § 602, 132 Stat. 5210, 5233, 5238) (effective Dec. 21, 2018). Additionally, the statute required that the Bureau of Prisons "to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." <u>Id</u>.

Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[10]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where

---

sentence "was necessary to address the seriousness of the offenses and to meet the sentencing objective of deterrence, incapacitation and punishment" (doc. 220, p. 15).

[10] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020),

https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to grant motions to serve the remainder of a sentence on home confinement, or to direct or order the BOP to place a prisoner in home confinement. Instead, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement". Since the Court cannot grant the relief she seeks, Townley's motion is denied. See United States v. Allen, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020) (finding that a "request for home confinement under the CARES Act is different from a reduction-in-sentence (RIS) request based upon compassionate release" and that the statutes which implement the CARES Act, 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541, "do not authorize a federal court to order the BOP to release a prisoner.").

**DONE** and **ORDERED** this 4th day of January 2021.

                                             s / Kristi K. DuBose
                                             **KRISTI K. DuBOSE**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**